# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Deanna E. Russell, | ) | |
|               Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 9:17-cv-00040-JMC |
| | ) | |
| Nancy A. Berryhill, | ) | **ORDER** |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
|               Defendant. | ) | |

      This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 23), filed on January 12, 2018, recommending that the decision of the Commissioner (Defendant) be reversed pursuant to sentence four of 42 U.S.C. § 405(g), and that this case be remanded to the Commissioner for reevaluation of the evidence as set forth in the Report, and for such further administrative action as may be necessary.

      The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

The parties were advised that they could file an objection to the Report. (ECF No. 23 at 18.) On January 25, 2018, the Defendant replied to the Report (ECF No. 25), and stated that she was not going to file any objections to the Report. Plaintiff also did not file any objections.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. As neither party objects to the Report or its finding, the court **ACCEPTS** the Report (ECF No. 23), **REVERSING** the Defendant's decision in this case pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDING** this matter to the Commissioner for reevaluation of the evidence as set forth in the Report, and for such further administrative action as may be necessary.

**IT IS SO ORDERED.**

                                                                        *J. Michelle Childs*
                                                              United States District Judge

February 1, 2018
Columbia, South Carolina